**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Anthony Glenn James, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-01472-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina and Charleston County Government, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Background**

Plaintiff Anthony Glenn James, Jr, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging constitutional injuries arising from a civil action in state court to which he was a party. (ECF No. 12 at 5). According to Plaintiff, he was named as a defendant in an action to partition real property in which Plaintiff enjoyed an interest along with various family members. Plaintiff claims he filed motions in that action which were not granted, and he ultimately lost the lawsuit. Plaintiff contends Defendants violated his First, Sixth and Fourteenth Amendment rights by not granting his motions. *Id.* at 5–6. Additionally, Plaintiff alleges that, because he was detained at the time, a lawyer was appointed as a guardian ad litem ("GAL") to represent his interests in the lawsuit. Plaintiff claims his GAL failed to effectively represent his interests and that, as a result, Defendants abridged his constitutional rights and are liable for breach of fiduciary duty under the South Carolina Tort Claims Act for failing to properly train and supervise the GAL. *Id.* at 7–9.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for pretrial handling.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 16), recommending the court dismiss this action without further leave to amend.[1]

First, the magistrate judge concluded that the State of South Carolina is entitled to summary dismissal based upon Eleventh Amendment immunity. *Id*. at 4 (citing *Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); S.C. Code Ann. § 15-78-20(e) (South Carolina has not consented to suit in federal district court)). The magistrate judge noted that "[w]hile sovereign immunity does not bar suit where a state has given consent to be sued or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case." *Id*. at 3. With respect to Defendant Charleston Country Government, the magistrate judge concluded that to the extent Plaintiff is suing Charleston County because the litigation occurred in the Charleston County Court of Common Pleas, the "South Carolina court system is a unified judicial system" and, therefore, Charleston County Court of Common Please is entitled to Eleventh Amendment immunity as well. *Id*. (citing *Benjamin v. S.C. 16th Cir. Ct. of Common Pleas*, No. 0:07-cv-2696-JFA, 2007 WL 4577376, at *2–3 (D.S.C. Dec. 20, 2007) (explaining that "[t]he Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system," and that the State of South Carolina 16th Circuit Court of Common Pleas should therefore be dismissed as a defendant based upon Eleventh Amendment immunity")

---

[1] The magistrate judge afforded Plaintiff an opportunity to amend his complaint, (ECF Nos. 8 and 10), and Plaintiff filed an amended complaint, (ECF No. 12), which is the operative complaint in this action.

Next, the magistrate judge found that Plaintiff's claims are inextricably intertwined with matters ruled upon in state court and, therefore, that the *Rooker-Feldman* Doctrine[2], precludes the court from reviewing such claims. (ECF No. 16 at 5–6).

Based on the foregoing, the magistrate judge, as noted, recommended the court summarily dismiss the action without leave to submit further amendments.

**Standard of Review**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

3

any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Plaintiff filed timely objections to the Report. (ECF No. 18).

## Discussion

Plaintiff first objects to the magistrate judge's application of the *Rooker-Feldman* Doctrine. *Id*. at 1. Plaintiff believes he is not challenging a state court decision because, according to Plaintiff, the state court never ruled on his motions. Plaintiff reasons, therefore, that his claims cannot be construed as an implicit challenge to a state court ruling. *Id*. at 2. The court disagrees.

4

Clearly, Plaintiff's claims are "inextricably intertwined" with the state court action here because "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). Plaintiff's amended complaint asserts that his injuries resulted from the state court's failure to grant him the judgment to which he believes he was entitled. *See* (ECF No. 12 at 4–6). Plaintiffs' claims involve a disagreement with the state court's decision, and it would be impossible to find in Plaintiffs' favor without first finding that the decision of the state court involved some error. *See, e.g.*, *Michalski et al. v. Suggs et al.*, No. 6:24-cv-04820-BHH, 2025 WL 4232980, at *9 (D.S.C. July 31, 2025). This objection is overruled.

Plaintiff's next objection goes to the magistrate judge's application of Eleventh Amendment immunity. Plaintiff appears to argue that such immunity is unavailable to these Defendants if they are sued in their "official capacity." (ECF No. 18 at 2–3). This objection fails to address the dispositive portion of the Report's analysis on this issue. The court, therefore, rejects it.

Finally, Plaintiff objects to the Report on the basis that it "does not make any type of recommendation concerning the claims raised pursuant to 28 U.S.C. § 1367." *Id*. at 3–4. To the extent Plaintiff has asserted cognizable claims under state law, the court, having dismissed Plaintiff's purported federal claims, declines to exercise jurisdiction of any state law claim under 28 U.S.C. § 1367(c).

In sum, Plaintiff has failed to identify any basis for the court to deviate from the conclusions or recommendations set forth in the Report. The court overrules all of Plaintiff's objections.

**Conclusion**

Having conducted a ***de novo* review** of the Report and the record, the court agrees with and **ADOPTS** the magistrate judge's analysis, findings and recommendations set forth in the Report (ECF No. 16), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend further.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
June 2, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.